## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.

    Plaintiff,

    v.

RENESAS TECHNOLOGY CORP.,
    -and-
RENESAS TECHNOLOGY AMERICA, INC.

    Defendants.

Civil Action Nos. 07-251 (SLR)

## DEFENDANTS RENESAS TECHNOLOGY CORP. AND
## RENESAS TECHNOLOGY AMERICA, INC.'S
## BRIEF IN SUPPORT OF THEIR UNOPPOSED MOTION TO STAY

BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendants*
*Renesas Technology Corp. and*
*Renesas Technology America, Inc.*

OF COUNSEL:

Christopher E. Chalsen
Michael M. Murray
James R. Klaiber
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: 212.530.5000

DATED: June 18, 2007

{BMF-W0058654.2}

## TABLE OF CONTENTS

**Page**

I. .........NATURE AND STAGE OF THE PROCEEDINGS ...............................................1

II.    DISCUSSION...........................................................................................................1

III.    CONCLUSION.........................................................................................................2

# TABLE OF AUTHORITIES

**Page(s)**

**STATUTES**

Federal Rule of Civil Procedure 4(d)(2) ................................................................1

28 U.S.C. § 1659(a) ...............................................................................................1

## I.  NATURE AND STAGE OF THE PROCEEDINGS

On May 4, 2007, Plaintiff Samsung Electronics Co. Ltd. ("Samsung") filed this

action against Defendants Renesas Technology Corp. ("RTC") and Renesas Technology

of America, Inc. ("RTA") (together, "Renesas") in this Court. On May 7, 2007, Samsung

filed a parallel action against Renesas in the International Trade Commission ("ITC")

(i.e., Inv. No. 337-TA-607, the "ITC action"). The two cases involve the same two

patents. Defendants agreed to waive service under Federal Rule of Civil Procedure

4(d)(2), and their Answers in this action are due on or before August 21. (*See* D.I. 5, so-

ordered on June 15, 2007).

## II.  DISCUSSION

This action is subject to an automatic stay, and should be stayed until the

determination of the parallel ITC action becomes final. The ITC action and this case

involve the same two patents, namely U.S. Patents Nos. 5,613,162 and 7,064,026. (*See*

D.I. 1; Ex. A attached hereto). Accordingly, all common issues related to these two

patents are subject to an automatic stay under 28 U.S.C. § 1659(a), which states as

follows:

> In a civil action involving parties that are also parties to a
> proceeding before the United States International Trade
> Commission ... at the request of a party that is also a respondent in
> the proceeding before the Commission, the district court shall stay,
> until the determination of the Commission becomes final,
> proceedings in the civil action with respect to any claim that
> involves the same issues involved in the proceeding before the
> Commission....

Section 1659(a) is mandatory and a stay is automatic. This Motion is unopposed

and Renesas respectfully requests that the Court grant the Motion.

## III. CONCLUSION

For the foregoing reasons, Renesas respectfully requests that the Court enter its

Motion to Stay.

Respectfully submitted,

BOUCHARD MARGULES & FRIEDLANDER, P.A.

*/s/ John M. Seaman*
Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendants*
*Renesas Technology Corp. and*
*Renesas Technology America, Inc.*

OF COUNSEL:

Christopher E. Chalsen
Michael M. Murray
James R. Klaiber
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: 212.530.5000
cchalsen@milbank.com
mmurray@milbank.com
jklaiber@milbank.com

DATED: June 18, 2007

{BMF-W0058654.2}                    2

# EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

In the Matter of

CERTAIN SEMICONDUCTOR
DEVICES, DMA SYSTEMS, AND
PRODUCTS CONTAINING SAME

Inv. No. 337-TA-_____

## COMPLAINT OF SAMSUNG ELECTRONICS CO., LTD.
## UNDER SECTION 337 OF THE TARIFF ACT OF 1930

COMPLAINANT:
Samsung Electronics Co., Ltd.
Samsung Main Building
250, Taepyung-ro 2-ka
Chung-ku
Seoul 100-742. Korea
Tel: 82-2-727-7114

PROPOSED RESPONDENTS:
Renesas Technology Corp.
Marunouchi Building
4-1, Marunouchi 2-chome
Chiyoda-ku, Tokyo 100-6334
Japan

Renesas Technology America, Inc.
450 Holger Way
San Jose, CA 95134
Phone: 408-382-7500

COUNSEL FOR COMPLAINANT:
Michael J. McKeon
Brian R. Nester
Jeffrey R. Whieldon
Richard A. Sterba
Fish & Richardson P.C.
1425 K Street NW, 11th Floor
Washington, D.C. 20005
Tel: (202) 783-5070

Timothy Devlin
Frederick Yu
Richard C. Weinblatt
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899
Tel: (302) 652-5070

## **TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | COMPLAINANT | 2 |
| III. | PROPOSED RESPONDENTS | 2 |
| IV. | THE TECHNOLOGIES AND PRODUCTS AT ISSUE | 3 |
| V. | THE '162 PATENT | 4 |
| | A. Identification of the Patent and Ownership by Samsung | 4 |
| | B. Non-Technical Description of the Patented Invention | 5 |
| | C. Foreign Counterparts to the '162 Patent | 5 |
| VI. | THE '026 PATENT | 6 |
| | A. Identification of the Patent and Ownership by Samsung | 6 |
| | B. Non-Technical Description of the Patented Invention | 6 |
| | C. Foreign Counterparts to the '026 Patent | 7 |
| VII. | UNLAWFUL AND UNFAIR ACTS OF PROPOSED RESPONDENTS | 7 |
| | A. Infringement | 7 |
| | B. Specific Instances of Unlawful Importation and Sale | 8 |
| VIII. | LICENSEES | 9 |
| IX. | DOMESTIC INDUSTRY | 9 |
| X. | RELATED LITIGATION | 11 |
| XI. | REQUESTED RELIEF | 11 |

## LIST OF EXHIBITS

| Exhibit No. | Description | Page |
|---|---|---|
| 1 | Certified Copy of U.S. Patent No. 5,613,162 ('162 Patent) | 1 |
| 2 | Certified Copy of U.S. Patent No. 7,064,026 ('026 Patent) | 1 |
| 3 | Samsung 2005 Annual Report | 2 |
| 4 | Selected Page from RTC Website (www.renesas.com) | 2 |
| 5 | Selected Page from RTC Website (www.renesas.com) | 2 |
| 6 | Hoovers report for RTC | 2 |
| 7 | D&B Report for RTC | 3 |
| 8 | D&B Report for RTA | 3 |
| 9 | Certified Copies of Assignments for '162 Patent | 4 |
| 10 | Certified Copies of Assignments for '026 Patent | 6 |
| 11 | Table of Foreign Counterparts to the '026 Patent | 7 |
| 12 | Infringement Claim Chart for '162 Patent | 8 |
| 13 | Infringement Claim Chart for '026 Patent | 8 |
| 14 | Photographs and Receipts for Renesas SH7201 | 8 |
| 15 | Photographs and Receipts for Renesas SH7760 | 8 |
| 16 | List of Licensees Under Samsung Patents[1]<br>[CONFIDENTIAL - FILED UNDER SEAL] | 9 |
| 17 | Declarations Supporting Domestic Industry<br>[CONFIDENTIAL – FILED UNDER SEAL] | 10 |

---

[1] A portion of the licenses covering the '026 or '162 Patents have confidentiality provisions that may preclude Samsung from identifying the licensees. Therefore, Samsung is seeking permission from certain licensees before disclosing their identity. Once approval is obtained, Samsung will supplement Confidential Exhibit 16 to list the names of these confidential licensees.

## LIST OF APPENDICES

Appendix No.                          Description

A        Certified Prosecution History for '162 Patent[2]

B        Certified Prosecution History for '026 Patent

C        Licenses Under Samsung Patents[3]
         [CONFIDENTIAL - FILED UNDER SEAL]

D        Cited References for the '162 Patent

E        Cited References for the '026 Patent

---

[2] Samsung has requested. but not yet received, certified copies of the prosecution history for the '162 Patent. Thus, Samsung includes non-certified copies of the prosecution history, and will submit certified copies to the Commission upon receipt.

[3] A portion of the licenses covering the '026 or '162 Patents have confidentiality provisions that may preclude Samsung from disclosing the licenses. Therefore, Samsung is seeking permission from certain licensees before disclosing these licenses. Once approval is obtained, Samsung will supplement Confidential Appendix C to include these agreements.

## I.    INTRODUCTION

1.1    Complainant Samsung Electronics Co., Ltd. ("Samsung" or "Complainant") requests that the United States International Trade Commission commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(a)(1)(B) ("Section 337"). to remedy the unlawful importation into the United States, the sale for importation. and/or the sale within the United States after importation by the owner, importer, or consignee. of articles covered by the claims of valid and enforceable United States patents owned by Samsung, U.S. Patent Nos. 7.064,026 ("the '026 Patent") and 5,613,162 ("the '162 Patent") (collectively. "the Samsung Patents"). and products containing the same.

1.2    The proposed Respondents. Renesas Technology Corp. ("RTC") and Renesas Technology America, Inc. ("RTA") (collectively "Renesas" or "Respondents"). have engaged in unlawful activities in violation of Section 337 through the unlicensed importation into the United States, the sale for importation. and/or the sale within the United States after importation of certain semiconductor devices. direct memory access ("DMA") systems. and products containing the same, made by means of processes, or containing apparatus, covered by claims 1-6 of the '026 Patent and claims 1-11 of the '162 Patent.

1.3    Certified copies of U.S. Patent Nos. 7,064.026 and 5,613,162 accompany this Complaint as Exhibits 1 and 2.

1.4    An industry as required by Section 337(a)(2) and defined by Section 337(a)(3) exists in the United States relating to the technology protected by the Samsung Patents.

1.5    Samsung seeks an exclusion order, pursuant to Section 337(d), permanently excluding from entry into the United States Respondents` semiconductor devices and DMA systems covered by the Samsung Patents, as well as all products (whether Respondents' or third-

1

parties' products) containing the same. Samsung also seeks an order, pursuant to Section 337(f),

directing Respondents to cease and desist, in the United States, from testing, demonstrating,

selling, offering for sale, or using semiconductor devices and DMA systems covered by the

Samsung Patents, and products containing the same, or moving, shipping, or warehousing

inventory of any such product.

## II.    COMPLAINANT

2.1    Samsung Electronics Co., Ltd. ("Samsung") is a corporation organized under the

laws of the Country of Korea, having its principal place of business at Samsung Main Building,

250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-742 Korea. Samsung is the assignee of the

Samsung Patents with the right to sue for all past, present and future infringement thereof.

2.2    Founded in 1938, Samsung has grown to become a world leader in the design,

manufacture and marketing of a wide variety of electronic products, ranging from innovative

consumer electronics to semiconductors. For instance and in relation to this action, Samsung

designs, develops, and manufactures semiconductors and methods of manufacture of such

products. A copy of Samsung's most recent Annual Report, which is available via its web site,

(www.samsung.com), accompanies this Complaint as Exhibit 3.

## III.    PROPOSED RESPONDENTS

3.1    On information and belief, proposed Respondent RTC is a Japanese corporation

with a principal place of business at Marunouchi Building, 4-1 Marunouchi 2-chome,

Chiyoda-ku, Tokyo, Japan 100-6334. (See Exs. 4 and 5.) On information and belief, RTC

designs and manufactures, or has manufactured on its behalf, semiconductor devices, DMA

systems and products containing the same. (See Ex. 6.) On information and belief, RTC

2

imports semiconductor devices, and DMA systems, and products containing same into the United States. (See Ex. 7.)

3.2     On information and belief, proposed Respondent RTA is a Delaware corporation with a principal place of business at 450 Holger Way, San Jose, California 95134. (See Ex. 8.) On information and belief, RTA imports products manufactured by or on behalf of RTC and/or RTA that contain semiconductor devices, DMA systems, and products containing same into the United States. (See Ex. 8.)

3.3     As detailed below, semiconductor devices and DMA systems manufactured by or on behalf of Respondents and products containing the same infringe, both directly and indirectly, the Samsung Patents. Further, these products are unlawfully sold for importation, imported, and/or sold after importation into the United States by Respondents and others.

## IV.    THE TECHNOLOGIES AND PRODUCTS AT ISSUE

4.1     The technologies at issue relate generally to semiconductors and processes for manufacturing the same. as well as DMA systems and processes for the manufacture of semiconductors.

4.2     Turning to process technology (which relates to the '026 Patent), integrated circuits comprising large numbers of semiconductors, such as transistors, are manufactured through a series of chemical processing steps. Such steps generally include depositing layers of materials onto wafers, selectively removing the materials using techniques such as etching or planarization, patterning the materials through techniques such as photolithography and altering the electrical properties of the materials through techniques such as doping or ion implantation.

4.3     The technology at issue in the '026 Patent relates to processing steps involved in forming semiconductor devices with shared contacts in an integrated circuit. The technology at

3

issue provides an improved technique that removes part of a spacer layer on a side of a gate pattern thereby providing greater surface area to form a shared contact with another gate pattern.

4.4     The products at issue are semiconductor devices and products manufactured by means of the processes covered by the '026 Patent, and products containing such semiconductor devices, including microcontrollers embedded in industrial equipment, office equipment, such as photo copiers, multi-function printers, and consumer electronics, such as DVD players.

4.5     The technologies at issue for the '162 Patent relate generally to direct memory access ("DMA") systems and processes performed by such systems. In computer systems, data often must be transferred between memory and input/output ("I/O") devices. A DMA system performs such data transfers largely independent of the computer system's microprocessor thereby freeing the microprocessor for other tasks.

4.6     The products at issue for the '162 Patent are DMA systems and processes covered by the '162 Patent, and products containing such DMA systems, including microprocessors, microcontrollers embedded in industrial equipment, car information systems, telematics systems, point-of-sale systems. handheld terminals, and GPS systems.

## V.     THE '162 PATENT

### A.     Identification of the Patent and Ownership by Samsung

5.1     U.S. Patent No. 5,613,162 ("the '162 Patent") is entitled "Method and Apparatus for Performing Efficient Direct Memory Access Data Transfers" and issued on March 18, 1997. The '162 Patent identifies Gregory V. Kabenjian as the inventor.

5.2     Complainant Samsung is the owner of the entire right. title. and interest in the '162 Patent. Certified copies of the assignment documents for U.S. Patent No. 5,613,162 accompany this Complaint as Exhibit 9. The assignment documents for U.S. Patent

4

No. 5,613,162 show assignments from the inventor to AST Research, Inc., from AST Research. Inc. to ARI Service, Inc., from ARI Service, Inc. to Samsung Electronics America, Inc., and from Samsung Electronics America, Inc. to Complainant. (See id.)

5.3     A copy and three additional copies of the prosecution history of the '162 Patent accompany this Complaint at Appendix A.[4]  Four copies of each reference document mentioned in the prosecution history accompany this Complaint at Appendix D.

## B.     Non-Technical Description of the Patented Invention[5]

5.4     The '162 Patent relates to DMA systems and processes performed by such systems. More specifically, the '162 Patent relates to a DMA system having a first buffer for transferring data to and from a memory, a second buffer for transferring data to and from an I/O device, and a DMA controller which controls transfers of data between the first and second buffers via an I/O bus. The DMA controller transfers data between the first and second buffers as bursts of data and then releases the I/O bus while data is transferred between the second buffer and the I/O device.

## C.     Foreign Counterparts to the '162 Patent

5.5     There are no foreign counterpart patents or patent applications to the '162 Patent.

---

[4] Samsung has requested, but not yet received, certified copies of the prosecution history for the '162 Patent. Thus, Samsung includes non-certified copies of the prosecution history, and will submit certified copies to the Commission upon receipt.

[5] The text in this complaint, including this section (i.e., "Non-Technical Description of the Patented Invention"), does not, and is not intended to, construe either the specification or claims of the patent.

5

## VI.   THE '026 PATENT

### A.   Identification of the Patent and Ownership by Samsung

6.1     U.S. Patent No. 7,064,026 ("the '026 Patent") is entitled "Semiconductor Device Having Shared Contact and Fabrication Method Thereof" and issued on June 20, 2006. The '026 Patent identifies Do-Hyung Kim and Jung-In Hong as the inventors.

6.2     Complainant Samsung is the owner of the entire right, title, and interest in the '026 Patent. Certified copies of the assignment documents for U.S. Patent No. 7,064,026 accompany this Complaint as Exhibit 10. The assignment documents for U.S. Patent No. 7,064,026 show assignments from the inventors to Complainant. (See id.)

6.3     A certified copy and three additional copies of the prosecution history of the '026 Patent accompany this Complaint at Appendix B. Four copies of each reference document mentioned in the prosecution history accompany this Complaint at Appendix E.

### B.   Non-Technical Description of the Patented Invention[6]

6.4     The '026 Patent relates to semiconductor devices and methods of manufacturing such devices. More specifically, the '026 Patent relates to a semiconductor device having a shared contact that may decrease contact resistance, as well as to a method of manufacturing such devices. A shared contact pierces the interlayer insulation layer and contacts a gate electrode and source/drain region. The device is formed by, among other steps, forming a first spacer layer over the substrate and gate pattern, and forming a second spacer layer over the first layer. The formation and etching of these layers helps to secure a sufficient contact region, and

---

[6] The text in this complaint, including this section (i.e., "Non-Technical Description of the Patented Invention"), does not, and is not intended to, construe either the specification or claims of the patent.

6

avoid instances where a source/drain region of a shared contact is not opened or is narrowly constricted by a spacer.

## C.    Foreign Counterparts to the '026 Patent

6.5    The foreign counterpart patent to the '026 Patent is listed in Exhibit 11. No other foreign patents or patent applications corresponding to the Samsung Patents have been filed, abandoned, withdrawn or rejected.

## VII.    UNLAWFUL AND UNFAIR ACTS OF PROPOSED RESPONDENTS

### A.    Infringement

7.1    Upon information and belief, Respondents directly and/or indirectly infringe at least claims 1-11 of the '162 Patent and claims 1-6 of the '026 Patent. Upon information and belief, the accused semiconductor devices, DMA systems, and products containing the same, are manufactured outside the United States by or for Respondents and imported into the United States. sold for importation into the United States and/or sold after importation in the United States by Respondents and others.

7.2    Upon information and belief, Respondents' semiconductor devices and the process for manufacturing the semiconductor devices, DMA systems, and processes performed by the DMA systems and products containing same are covered by the Samsung Patents. The aforesaid acts and products of Respondents constitute infringement, direct and indirect, of the Samsung Patents.

7.3    Respondents have been given notice of the asserted infringement by, among other things, Samsung's service of this Complaint, which. at the time of filing, is being served on Respondents.

7

7.4     A chart comparing representative claim 7 of the '162 Patent to an exemplary accused product is attached as Exhibit 12.

7.5     A chart comparing representative claim 1 of the '026 Patent to an exemplary accused product is attached as Exhibit 13.

**B.     Specific Instances of Unlawful Importation and Sale**

7.6     On information and belief, Respondents manufacture, or cause to be manufactured, outside of the United States semiconductors and use processes to manufacture semiconductors as well as DMA systems covered by the Samsung Patents.

7.7     On information and belief, Respondents and others import, sell for importation and/or sell after importation, DMA systems and semiconductors manufactured by Respondents or caused to be manufactured, outside the United States by means of the processes covered by the Samsung Patents.

7.8     For example, on or about November 2, 2006, a Renesas SH7201 microcontroller covered by the Samsung Patents was purchased in the United States. The word "Japan" is printed on the back side of the chip. Attached as Exhibit 14 are photographs of the receipt and various photographs of the Renesas SH7201 microcontroller purchased in Cleveland, Ohio. Further discovery likely will reveal additional specific acts of Respondents' importation, sale for importation, and sale after importation of infringing microcontrollers manufactured by, or on behalf of, Respondents.

7.9     By way of another example, on or about April 2, 2007, a Renesas SH7760 microcontroller containing DMA systems covered by the Samsung Patents was purchased in the United States. The word "Japan" is printed on the chip. Attached as Exhibit 15 are photographs of the receipt and various photographs of the Renesas SH7760 microcontroller purchased in

8

Florida. Further discovery likely will reveal additional specific acts of Respondents'
importation. sale for importation. and/or sale after importation of microcontrollers manufactured
by, or on behalf of, Respondents.

## VIII.  LICENSEES

8.1    Samsung has licensed one or more of the Samsung Patents to the licensees
identified in Confidential Exhibit 16.[7]  Pursuant to Rule 210.12. three copies of each license
agreement accompany this Complaint as Confidential Appendix C.[8]

## IX.    DOMESTIC INDUSTRY

9.1    As required by Section 337(a)(2), a domestic industry exists as defined under 19
U.S.C. § 1337(a)(3), based on significant investment in plant and equipment. significant
employment of labor and capital in the United States. and substantial investment in the
exploitation of the Samsung Patents through engineering, research and development, and
licensing.

9.2    Samsung has substantial historic and ongoing investments in the United States
related to the licensing of its patent portfolio, including the Samsung Patents, one of which
covers semiconductor technology and one of which covers digital media technology.  In
addition, on information and belief, Samsung anticipates that evidence developed during
discovery may also demonstrate that certain Samsung licensees that practice the Samsung
Patents have made significant investments in plant and equipment and/or significant employment

_____

[7] A portion of the licenses covering the '026 or '162 Patents have confidentiality provisions that
may preclude Samsung from identifying the licensees.  Therefore. Samsung is seeking
permission from certain licensees before disclosing their identity.  Once approval is obtained.
Samsung will supplement Confidential Exhibit 16 to list the names of these confidential
licensees.

[8] A portion of the licenses covering the '026 or '162 Patents have confidentiality provisions that
may preclude Samsung from disclosing the licenses.  Therefore. Samsung is seeking
permission from certain licensees before disclosing these licenses.  Once approval is
obtained. Samsung will supplement Confidential Appendix C to include these agreements.

of labor and capital and/or substantial investment in exploitation of the Samsung Patents in connection with the production of articles covered by the Samsung Patents.

9.3     Since 1991, Samsung has maintained a legal affairs office in Washington, DC ("DC Office"). In connection with its patent licensing activities, Samsung's DC Office has been and continues to be involved, along with the Korean office, in the monitoring of the market and the analysis of products covered by its patent portfolio, including the asserted semiconductor and digital media patents.

9.4     Samsung's DC Office in-house attorneys, supported by their staff, have applied and continue to apply Samsung's patent portfolio, including the patents in suit, in the negotiation of cross-license agreements with third parties. Confidential Exhibit 16 to the complaint is a list of current semiconductor and digital media licensees (which have the right to practice the respective asserted patent, dependent, of course, on whether the license covers semiconductor technology or digital media technology). Employees of the DC Office were involved in the negotiation of these licenses. (Confidential Exhibit 17.) Samsung has made, and continues to make, substantial investments in the operating costs devoted to the licensing program handled out of the DC Office, including paying the salaries of personnel responsible for licensing activities in that Office. (See id.)

9.5     In addition to its current in-house attorneys in the DC Office, Samsung also engages licensing consultants formerly employed full-time by Samsung in the United States as licensing attorneys to assist in the U.S. aspects of Samsung's patent licensing negotiations with third parties. (See id.) Samsung has made substantial investments to retain the services of these two individuals to support the U.S. aspects of Samsung's licensing program. (See id.)

10

9.6 Further, Samsung made, and continues to make, significant investment in plant and equipment, significant employment of labor and capital in the United States, and substantial investment in the exploitation of the Samsung Patents through engineering, research and development, and licensing. Specifically, Samsung has invested in, and continues to invest in, engineering, facilities, equipment and labor for field application engineering, technical marketing, and quality analysis associated with its S3C24xx DMA system products relating to the '162 Patent.

## X. RELATED LITIGATION

10.1 The infringement of the '162 and '026 Patents by proposed Respondents is also the subject of a civil action that was filed on May 4, 2007 in the United States District Court for the District of Delaware. There is no other related domestic or foreign court or agency litigation.

## XI. REQUESTED RELIEF

11.1 WHEREFORE, by reason of the foregoing, Complainant Samsung requests that the United States International Trade Commission:

(a) Institute an immediate investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, into the unlawful importation into the United States, the sale for importation into the United States, or the sale within the United States after importation by Respondents and others of semiconductor devices, DMA systems and products containing same that infringe one or more claims of United States Patent Nos. 5,613,162 and 7,064,026;

(b) Determine that there has been a violation of Section 337;

(c) Issue a permanent exclusion order pursuant to Section 337(d) of the Tariff Act of 1930, as amended, excluding from entry into and sale within the United States all

11

semiconductor devices and DMA systems (manufactured by or on behalf of Respondents, their affiliates, subsidiaries, successors, or assigns) and products containing same (whether Respondents or other parties) that infringe United States Patent Nos. 5,613,162 and 7,064,026;

(d)     Issue a permanent cease and desist order pursuant to Section 337(f) of the Tariff Act of 1930. as amended. prohibiting Respondents, their affiliates, subsidiaries, successors, or assigns. from marketing, demonstrating, distributing, offering for sale, selling, or otherwise transferring, including the movement or shipment of inventory, in the United States, or transferring outside the United States for sale in the United States any disc drive apparatuses or products containing same that infringe one or more claims of United States Patent Nos. 5,613,162 and 7,064,026; and

(e)     Issue such other and further relief as the Commission deems just and proper based on the facts determined by the investigation and the authority of the Commission.

12

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated:  May 7, 2007

By: _Jeffrey R. Whieldon_
Michael J. McKeon
Brian R. Nester
Jeffrey R. Whieldon
Richard A. Sterba
Fish & Richardson P.C.
1425 K Street NW, 11th Floor
Washington, D.C.  20005
Tel: (202) 783-5070

Timothy Devlin
Frederick Yu
Richard C. Weinblatt
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899
Tel: (302) 652-5070

Attorneys for Complainant
Samsung Electronics Co., Ltd.

13

## VERIFICATION OF COMPLAINT

I, Dong-Soo Seo. declare. in accordance with 19 C.F.R. §§ 210.4 and 210.12(a), under penalty of perjury. that the following statements are true:

1.    I am a Principal Engineer of Complainant Samsung Electronics Co., Ltd. and I am duly authorized to sign this Complaint on behalf of Complainant;

2.    I have read the foregoing Complaint;

3.    To the best of my knowledge, information, and belief, based upon reasonable inquiry, the foregoing Complaint is well-founded in fact and is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

4.    The allegations or other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

5.    The foregoing Complaint is not being filed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Executed this 2 th day of May, 2007.

Dong-Soo Seo

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on June 18, 2007, I caused to be

electronically filed a true and correct copy of the notice of the foregoing **Defendants**

**Renesas Technology Corp. and Renesas Technology America, Inc.'s Brief in Support**

**of Their Unopposed Motion to Stay** with the Clerk of Court by CM/ECF which will send

notification of such filing to the following counsel of record:

> Timothy Devlin, Esquire
> FISH & RICHARDSON, P.C.
> 919 N. Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19801

> _/s/ John M. Seaman_
> John M. Seaman (#3868) [jseaman@bmf-law.com]
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> 302.573.3500

> _Attorneys for Defendants_
> _Renesas Technology Corp. and_
> _Renesas Technology America, Inc._

{BMF-W0059883.}